LINDA BALDWIN JONES, Bar No. 178922
ANDREA LAIACONA, Bar No. 208742
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023
E-mail: courtnotices@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| PAUL BENSI, BART FLORENCE, JERRY KALMAR, and LYLE SETTER, in their capacities as Trustees of the STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND and STATIONARY ENGINEERS LOCAL 39 HEALTH AND WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>O'CONNOR HOSPITAL, a California Corporation; DAUGHTERS OF CHARITY HEALTH SYSTEM, a California Corporation,<br><br>Defendants. | No. CV 08 4135<br><br>COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION (ERISA 29 U.S.C. §1001, et seq., 29 U.S.C. §185) |

Plaintiffs complain of Defendants, and for cause of action allege:

### JURISDICTION AND INTRADISTRICT ASSIGNMENT

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185). Venue properly lies in this district court since contributions were due and payable in the City and County of San Francisco and are payable

1  in the County of Alameda. Therefore, intradistrict venue is proper.

## PARTIES

### II.

Plaintiffs Paul Bensi, Bart Florence, Jerry Kalmar, and Lyle Setter were and are Trustees and together comprise the Board of Trustees of the Plaintiff Stationary Engineers Local 39 Pension Trust Fund and Stationary Engineers Local 39 Health & Welfare Fund ("Trust Funds"). At all times material herein, the above-named Trust Funds were, and now are, employee benefit plans created by written Trust Agreements subject to and pursuant to section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and multi-employer employee benefit plans within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Fund pursuant to the express provisions of the its Trust Agreement. The Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs".

### III.

At all times material herein, O'CONNOR HOSPITAL (hereinafter referred to as "O'Connor"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

### IV.

Plaintiffs are informed and believe and on that basis allege O'Connor is affiliated with DAUGHTERS OF CHARITY HEALTH SYSTEM, a California Corporation, formerly known as CATHOLIC HEALTHCARE WEST (CHW) the GREATER BAY AREA DIVISION HOSPITALS. At all times material herein, Daughters of Charity Health System has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

**ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

V.

At all relevant times, Plaintiffs are informed and believe and on that basis alleged that Defendants O'Connor and Daughters of Charity Health System are alter-egos, interrelated, affiliated, overlapping, under common management, control, ownership, and operation, successors, or a single employer as contemplated in the applicable labor agreements and therefore, Defendants were and are signatory and bound to a written Collective Bargaining Agreement with the International Union of Operating Engineers, Stationary Local No. 39 (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185). By virtue of signing the Collective Bargaining Agreement (hereinafter "CBA"), Defendant O'Connor became subject to all its terms and conditions as well as the terms and conditions of the Trust Agreements. By virtue of signing the Collective Bargaining Agreement (hereinafter "CBA"), Defendants O'Connor and Daughters of Charity Health System became subject to all its terms and conditions as well as the terms and conditions of the Trust Agreements.

VI.

The Trust Agreements provide for prompt payment of all employer contributions to the Trust Funds and for the payment of interest and liquidated damages on all delinquent contributions, attorneys' fees, and other collection costs, including audit costs and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

**FIRST CLAIM FOR RELIEF**

(AUDIT)

VII.

The Boards of Trustees have, as one of its purposes, the obligation to ensure that contributions required to be made to the Trust Funds pursuant to collective bargaining agreement are fully and correctly made. The purpose of each Trust Fund is to provide pension and health and welfare benefits respectively for Stationary Engineers on whose behalf contributions are made,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreements referred to herein comply with the terms of said agreements with respect to payments of said contributions to the Funds. The Funds maintain their office in the County of Alameda, and all such contributions were required to be made in the City and County of San Francisco and are required to be made in the County of Alameda.

### VIII.

The Trust Agreements establishing the Trust Funds, provides that:

> The Board may require the Employers, any Signatory Association, any Individual Employer . . . under the Plan to submit to it any information, data, reports, or documents reasonably relevant to and suitable for the purposes of such administration . . . . The parties agree that they will use their best efforts to secure compliance with any reasonable request of the Board for any such information, data, report or documents. Upon request in writing form the Board, any Individual Employer shall permit a certified public accountant selected by the Board to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, and to examine and copy such books, records, papers or reports of such Individual Employer as may be necessary to determine whether the Individual Employer is making full and prompt payment of all sums required to be paid by him or it to the Fund.

### IX.

Plaintiffs cannot determine whether or not Defendants have made prompt and correct payment of all Fund contributions, and as a consequence, good cause appearing therefore, communications have been directed to Defendants by representatives of Plaintiffs demanding that Defendants submit to an audit pursuant to the respective collective bargaining agreements and Trust Agreement for the period August 1, 2001 to June 30, 2007.

### X.

Defendants have failed, refused or neglected to allow the full and complete audit as requested or inspection of their books, records, papers, or reports in accordance with the provisions of the Trust Agreements. As a result of Defendants' refusal to submit to a full and complete audit, Plaintiffs are unable to ascertain the amount of damages, if any, suffered by the Trust Funds. Plaintiffs have no adequate remedy at law, and the individual Stationary Engineers who are the participants and beneficiaries of the Trust Funds, particularly the employees of Defendants, are damaged thereby and also have no adequate remedy at law.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

XI.

Plaintiffs are intended third party beneficiaries of the collective bargaining agreements, but Trust Funds' contribution delinquencies are excluded from the arbitration provision of said agreements.

XII.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XIII.

Plaintiffs are entitled to reasonable attorneys' fees, interest, liquidated damages and other reasonable expenses incurred in connection with this matter due to Defendants' failure to allow the audit or refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable collective bargaining agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

XIV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XV.

Pursuant to the written agreements establishing the Trust Funds, Defendants have failed, neglected or refused to allow Plaintiffs access to all of the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Funds. As a result, Defendants are in breach of the agreements.

**THIRD CLAIM FOR RELIEF**
**(INJUNCTION)**

XVI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XVII.

Unless enjoined by this Court, Defendants will continue to fail, neglect, or to submit to an

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

audit of books and records and by the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

**PRAYER**

**WHEREFORE**, Plaintiffs pray judgment against Defendants as follows:

1. That Defendants be compelled to forthwith submit to a full audit by auditors selected by the Trust Funds at the premises of the Defendants within jurisdiction of the applicable CBA or at the premises of the Trust Funds during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendants relevant to the enforcement of the collective bargaining agreements or the Trust Agreements, including but not limited to the following:

    a. Collective bargaining agreements, for the entire testing period, covering the employees who are reported to the Trust;

    b. Monthly transmittals to the Trust showing the names reported for benefits;

    c. Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;

    d. Time cards for the most recent full quarter of the current year;

    e. California state quarterly payroll tax returns (DE-6's);

    f. Detailed documentation of the job classifications of employees not reported to the Trust;

    g. Monthly transmittals to other Trust Funds;

    h. Worker's compensation monthly or quarterly reports, as applicable;

    i. Seniority lists covering the entire testing period;

    j. 1099's;

    k. Cash disbursement journals; and

2. Copies of any/all invoices including name of payee, date, check number and amount, description of purchase (supplies, services, etc.) for various payees;

3. That Defendants be ordered to pay contributions in an amount to be determined at trial, plus interest thereon;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 6 -
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

1   4.   That Defendants be ordered to pay actual damages according to proof;

2   5.   That this Court issue an injunction compelling Defendants to forthwith cease their refusal to submit to a full audit of their books, records, papers and reports as required by the agreements to which they are bound;

6.   That upon completion of the audit, Defendants be decreed to pay over to Plaintiffs such sums as shall be ascertained to be due from Defendants and interest on said sums;

7.   That this Court issue an Order directing and permanently enjoining Defendants to timely submit to Plaintiffs' Trust Funds, all reports and contributions due and owing by Defendants plus interest, liquidated damages, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

8.   That this Court issue an Order permanently enjoining Defendants for so long as they remain obligated to contribute to Plaintiff's Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

9.   That Defendants be ordered to pay attorney's fees;

10.   That Defendants be ordered to pay costs of suit herein;

11.   That this Court grant such further relief as this Courts deems just and proper; and

12.   That this Court retain jurisdiction of this matter to enforce the Order compelling an audit and payment of all amount found due and owing.

Dated: August 28, 2008

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ Andrea Laiacona
LINDA BALDWIN JONES
ANDREA LAIACONA
KRISTINA M. ZINNEN
Attorneys for Plaintiffs

119080/503395

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 7 -
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION